

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00090-CR
No. 07-20-00091-CR

CARLOS JAVIER MORALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Hale County, Texas
Trial Court No. 2016C-673, 2017C-448, Honorable David B. Mull, Presiding

July 8, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Carlos Javier Morales, appeals the trial court's adjudication of his guilt for the offense of failure to identify and revocation of his community supervision for the offense of driving while his license was invalid. We affirm the judgment of the trial court.

Factual and Procedural Background

In December of 2016, appellant was placed on deferred adjudication community supervision related to charges that he had failed to properly identify himself.[1] In May of 2019,[2] the State filed a motion to proceed with adjudication of guilt that alleged that appellant had committed four violations of the terms of his community supervision. Specifically, the State alleged that appellant failed to report to the Hale County Community Supervision and Corrections Department for seven months between the period of December 2017 and May 2019; left the county for a period of more than 48 hours without prior written consent; failed to pay fines, court costs, and supervision fees as required, resulting in a delinquency of $1,827; and failed to complete 80 hours on a community service project assigned to him by his supervision officer.

In January of 2018, appellant was convicted of the offense of driving while his license was invalid with a previous driving while license invalid conviction.[3] In May of 2019,[4] the State filed a motion to revoke appellant's community supervision that alleged that appellant had committed five violations of the terms of his community supervision. Specifically, the State alleged that appellant failed to report to the Department for six months between the period of February 2018 and May 2019; left the county for a period of more than 48 hours without prior written consent; failed to pay fines and court costs as

---

[1] See TEX. PENAL CODE ANN. § 38.02(b) (West 2016).

[2] While the initial term of appellant's deferred adjudication community supervision was for one year, the trial court extended the term for six months in August of 2017. The trial court extended the term again in May of 2018, for a period of one year.

[3] See TEX. TRANSP. CODE ANN. § 521.457(a), (f)(1) (West 2018).

[4] While appellant was initially sentenced to be on community supervision for a period of nine months, his community supervision was extended by the trial court in October of 2018 for a year.

required, resulting in a delinquency of $245; failed to pay a Crime Stoppers fee of $50; and failed to complete 60 hours on a community service project assigned to him by his supervision officer.

At the subsequent unified hearing on the State's motions, appellant pled "not true" to the State's allegations. The State offered the testimony of appellant's community supervision officer establishing that he failed to report; left the county without permission; failed to pay fines, court costs, and fees; and did not complete his community service hours as ordered. She specified that probationers may only work their community service hours at places that have a contract with the Department and that appellant was aware of this requirement. Appellant offered evidence that he performed 61 hours of community service at Sacred Heart Catholic Church and that these hours would satisfy his remaining community service requirement in both cases. The State established that Sacred Heart does not have a contract with the Department and that it is, therefore, not on the list of approved places to perform community service. At the conclusion of the hearing, the trial court recognized appellant's work with Sacred Heart but acknowledged that the Department does not have a contract with Sacred Heart. The trial court found that appellant violated the terms of his community service in both cases by failing to report to the Department, leaving the county without permission, and not completing his community service hours at a place approved by the Department.[5] On this basis, the trial court adjudicated appellant guilty of the offense of failing to identify himself, revoked his community supervision as to his driving without a license conviction, and sentenced him

[5] Appellant presented evidence that, prior to the hearing, he had paid all fines, court costs, and fees in full.

to 45 days' incarceration in the Hale County Jail in both cases with the sentences to run concurrently. From these judgments, appellant timely appealed.

Appellant's sole issue on appeal contends that the Department's policy on acceptable charitable community organizations violates the Establishment Clause of the First Amendment of the United States Constitution.

A trial court's order revoking community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). In a revocation hearing, the State bears the burden of proving, by a preponderance of the evidence, that the defendant violated the terms and conditions of his community supervision. *Id.* at 763-64. The State satisfies this burden when the greater weight of credible evidence presented to the trial court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of his community supervision. *Id.* at 763-64. An appellate court reviews the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court is the sole trier of fact and determines issues of credibility and the weight to be given to testimony at a revocation hearing. *Mattias v. State,* 731 S.W.2d 936, 940 (Tex. Crim. App. 1987) (en banc). The trial court can accept or reject any or all of the testimony presented by the State or the defendant. *Id.* Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *McDonald v. State,* 608 S.W.2d 192, 200 (Tex. Crim. App. 1980) (op. on reh'g).

In the present case, the trial court found that appellant violated the terms and conditions of his community supervision by failing to report to the Department as required and leaving the county without first obtaining written permission. Appellant does not challenge these findings. At most, appellant contends that these other violations are "technical violations" and that it "stands to reason that his sentence would have been less severe with one fewer violation." But appellant does not cite any authority that would support his implied position that "technical violations" are insufficient to support a trial court's decision to adjudicate or revoke. Further, the trial court stated that it "appreciate[d]" appellant's service to the Sacred Heart Church, which implies that the trial court took this service into account in sentencing. However, irrespective of whether the trial court considered appellant's work on behalf of Sacred Heart, it did not abuse its discretion in adjudicating appellant guilty and revoking his community supervision. *See Rickels*, 202 S.W.3d at 763.

Our review of the record reflects an error in the trial court's judgment in trial court cause number 2016C-673. The judgment indicates that appellant pled "true" to the motion to adjudicate. The record clearly reflects that appellant pled "not true" to both motions filed by the State. We are authorized to reform judgments *sua sponte* to make the record speak the truth. "The Texas Rules of Appellate Procedure give us authority to reform judgments and correct typographical errors to make the record speak the truth." *Torres v. State*, No. 07-13-00179-CR, 2014 Tex. App. LEXIS 2664, at *4-5 (Tex. App.—Amarillo Mar. 7, 2014, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 43.2, and *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en

banc)). We reform the judgment in trial court cause number 2016C-673 to accurately reflect appellant's plea of "not true" to the State's motion to adjudicate.

We reform the judgment in trial court cause number 2016C-673 to reflect that appellant pled "not true" to the State's motion to adjudicate. Because the trial court did not abuse its discretion in adjudicating appellant's guilt or in revoking his community supervision, we overrule appellant's sole issue and affirm the judgments of the trial court.

Judy C. Parker
Justice

Do not publish.